## STEVENS YACHTS OF ANNAPOLIS, INC.

v.

## AMERICAN YACHT CHARTERS, INC. and Gihls Properties, Inc.

### Civ. A. No. 82-3484.

United States District Court, E.D. Pennsylvania.

Sept. 23, 1983.

---

5. *See* 35 U.S.C. § 103.

6. *Flli Moretti, supra* note 2, at 565.

Alan Turner, Ruter, Turner, Stein & Solomon, Philadelphia, Pa., for plaintiff.

Stephen D. Hughes, Largo, Fla., for defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

The plaintiff Stevens Yachts of Annapolis, Inc. (hereinafter "Stevens") commenced a civil diversity action in the United States District Court for the Eastern District of Pennsylvania against American Yacht Charters, Inc. (hereinafter "AYC"), a U.S. Virgin Islands corporation, and Gihls Properties, Inc. (hereinafter "Gihls"), a Texas corporation. Both AYC and Gihls have moved to dismiss the Amended Complaint based upon a lack of personal jurisdiction and improper service of process and alternatively have requested that this action be transferred to the United States District

Court for the Western District of Texas (Austin Division) pursuant to 28 U.S.C. § 1404(a). Plaintiff denies this Court has no personal jurisdiction but argues that if the case is transferred at all, it should be to the United States District Court of Maryland.

■ In order to transfer pursuant to 28 U.S.C. § 1404(a), a finding of jurisdiction in the transferring court is unnecessary, *United States v. Berkowitz*, 328 F.2d 358 (3rd Cir.), cert. denied 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964), but transfer must be to a "district or division where the action might have been brought." The Western District of Texas, Austin Division, is not a "district or division where this civil action might have been brought." Under 28 U.S.C. § 1391(a) venue would be in Texas only if the plaintiff or all defendants resided there, or if the claim arose there. The plaintiff resides in Maryland, the defendants reside in the Virgin Islands and Texas respectively; from the record before this Court it is not possible to determine if the cause of action arose in Texas, rather than Pennsylvania, Maryland, or the Virgin Islands. It is also unclear if personal jurisdiction could be asserted in Texas over defendant AYC, a Virgin Islands corporation.

Neither can it be ascertained from this record if there would be venue in the Virgin Islands for the reasons discussed in the paragraph above. It is also unclear if personal jurisdiction could be asserted in the Virgin Islands over defendant Gihls, a Texas corporation. So transfer of the entire case to the District Court for the Virgin Islands is not appropriate. Severance of this action into two actions and transfer of the cases to Texas and the Virgin Islands respectively is not in the interest of the administration of justice if a forum can be found in which all claims can be litigated simultaneously. *See, Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540, 1545 (1960).

■ The action is one which could have been brought in the District Court of Maryland. Venue lies in that district under 28

U.S.C. § 1391(a) because it is the district where the plaintiff resides. There is personal jurisdiction because there are "certain minimum contacts," *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945), between the defendants and the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The requirement of minimum contacts "protects the defendant against the burdens of litigating in a distant or inconvenient forum ... [a]nd it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564; *See, Strick Corp. v. A.J.F. Warehouse Distrib., Inc.,* 532 F.Supp. 951, 957 (E.D.Pa.1982). The contacts of the defendants with Maryland are sufficient to establish jurisdiction over both defendants. Each of them contracted with a Maryland corporation with its principal place of business in Maryland. The contract was for over 2.4 million dollars. It was foreseeable that it would have an economic impact in the State of Maryland. It is unclear how much of the negotiation took place in Maryland or through interstate communications with Maryland but if, as defendants contend, contacts with plaintiff's Pennsylvania lawyer are not Pennsylvania contacts, they must be contacts with plaintiff, a Maryland corporation.

Maryland has personal jurisdiction over these defendants and it is not a distant or inconvenient forum for them. Gihls is willing to have the action transferred to Maryland.[1] Defendant AYC has the same corporate officers as Gihls, and intends to call the same witnesses as Gihls; the records of Gihls and AYC are located near each other. If it is not inconvenient for Gihls to litigate this action in Maryland, it would not be inconvenient for AYC to do so. By entering a 2.4 million dollar contract with a Maryland corporation, both defendants "conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. *Cf., Strick Corp.,* 532 F.Supp. at 959. (If payment is to be directed to a forum, buyer could anticipate being required to defend a suit there. Maryland has a clear sovereign interest in protecting a 2.4 million dollar contract with a corporation that has its principal place of business in Maryland.

There being both venue and personal jurisdiction of the defendants in the District of Maryland, it is a district in which the action could have been brought and 28 U.S.C. § 1404(a) permits transfer there, "[f]or the convenience of parties and witnesses, in the interest of justice ...." Transfer to Maryland would be for the convenience of the parties. Plaintiff resides there, defendant Gihls has agreed to a transfer there, and defendant AYC like Gihls is able to litigate there as conveniently as in Pennsylvania. Transfer to Maryland would also be in "the interest of justice." Maryland is a forum where plaintiff's first count against defendant AYC and second count against defendant Gihls can both be litigated. Because these two counts arise out of a common nucleus of operative facts, it would be in the interests of justice to consider plaintiff's related allegations in one action there rather than in separate actions in two jurisdictions. Transfer to Maryland will be granted.

---

1. Letter of counsel dated April 4, 1983. Defendant Gihls' willingness to transfer to Maryland does not in itself make Maryland a district where the action "might have been brought." Although objections to venue and personal jurisdiction are generally waivable, consent of the defendant cannot establish venue or jurisdiction in the transferee district for the purposes of a § 1404(a) transfer. *See, Hoffman v. Bla-*

*ski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Therefore, a determination must be made as to venue and jurisdiction in Maryland as to each defendant. If these requirements have been met, defendant Gihls' willingness to a transfer to Maryland weighs heavily in the determination of whether the transfer would be "for the convenience of the parties."