**William J. APPEL, Plaintiff,**

v.

**SOUTHEASTERN EMPLOYERS SERVICE CORPORATION, Defendant.**

**Civ. A. No. 84–2426.**

United States District Court, District of Columbia.

Feb. 21, 1985.

Harry J. Jordan, Washington, D.C., for plaintiff.

Howard T. Weir, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

Now before the Court is defendant's motion to dismiss or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion to dismiss is denied and the case is transferred to the United States District Court for the Western District of Virginia, Abingdon Division.

The plaintiff, William J. Appel, was employed by the defendant, Southeastern Employers Service Corporation (SESCO), pursuant to a contract which was entered into on August 1, 1981. SESCO is a Tennessee corporation with its principal office in Bristol, Tennessee. The office of SESCO's General Counsel is in Bristol, Virginia. Bristol, Tennessee, and Bristol, Virginia, are geographically the same town, with the state line which runs through the center of town dividing the respective states. Bristol is some 400 miles from the District of Columbia.

The employment agreement between the parties (Ex. A to defendant's motion to dismiss) states that plaintiff was hired "for the purpose of serving as the Chief Executive Officer of SESCO of Tidewater, Virginia, Inc. a wholly-owned subsidiary corporation of [SESCO] ...." The agreement also provides: "This contract shall be interpreted pursuant to the laws of the state of Virginia...."

Plaintiff had been a resident of Virginia, but chose in the fall of 1983 to move to the District of Columbia. He seeks to base jurisdiction in this Court upon the District of Columbia long-arm statute, D.C.Code 1981, § 13–423. Reliance is placed upon §§ 13–423(a)(1) and (2), which provide:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

\*    \*    \*    \*    \*    \*

The resolution of any long-arm controversy necessarily is highly fact-intensive. Plaintiff seeks to recover the sum of $38,-573.25 from the defendant. By letter dated July 6, 1984 (Ex. B to defendant's motion to dismiss), plaintiff's counsel advised SESCO specifically of the bases for the claims advanced. In the affidavit in support of defendant's motion to dismiss, defendant's vice-president asserted that none of the SESCO clients with respect to which plaintiff claims to be owed money has any part of its business within the District of Columbia. Plaintiff does not dispute this. Rather, he states that he has transacted other business for SESCO here (as have others), and that that should suffice to support long-arm jurisdiction over SESCO.

It does not. Plaintiff runs afoul of subsection (b) of § 13–423, which states:

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

While defendant does not dispute plaintiff's assertion that it has transacted some business here (although it notes that it has no office or registered agent here), plaintiff does not rebut defendant's contention that all of the alleged acts at issue in this case occurred other than in the District of Columbia. Accordingly, there is an inadequate basis to support long-arm jurisdiction over the defendant in this case.[1]

---

1. *See, e.g., Willis v. Willis,* 655 F.2d 1333 (D.C. Cir.1981); *Berwyn Fuel, Inc. v. Hogan,* 399 A.2d 79 (D.C.1979); *Cohane v. Arpeja-California, Inc.,* 385 A.2d 153 (D.C.1978).

The Court concludes, however, that it would not serve the convenience of the parties, or be in the interest of justice, to dismiss the case. Since the action properly might have been brought in the Western District of Virginia, it hereby is

ORDERED, that motion to dismiss is denied. It hereby further is

ORDERED, that the case, including a certified copy of this Memorandum Opinion and Order, be transferred to the United States District Court for the Western District of Virginia, Abingdon Division, pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

---

Plaintiff relies heavily upon the result reached by the District of Columbia Court of Appeals in *Mouzavires v. Baxter,* 434 A.2d 988 (D.C.1981) (en banc), *cert. denied,* 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982). However, as pointed out in the opinion dissenting from the result reached in that case (434 A.2d at 998, Harris, J., dissenting), there was no majority (or even plurality) opinion; the Court of Appeals was divided 4–4 on the underlying legal issue. Moreover, subsection (b) of § 13–423 was not at issue in *Mouzavires v. Baxter;* it is controlling here (when considered in conjunction with the "as to a claim for relief arising from the person's" language in § 13–423(a)).