STATE ex rel. CLEM TRANS., INC., et al., Relators,

v.

Honorable Gary M. GAERTNER, Judge St. Louis City Circuit Court, Respondent.

No. 66319.

Supreme Court of Missouri, En Banc.

April 2, 1985.

Dissenting Opinion Modified April 30, 1985.

Rehearing Denied April 30, 1985.

John D. Warner, Jr., Joseph M. Kortenhof, St. Louis, for relators.

Gerald M. Dunne, Samuel W. Panos, St. Louis, for respondent.

BILLINGS, Judge.

This is a proceeding in prohibition. The trial court overruled relators' separate motions to dismiss a damage suit pending in the Circuit Court of the City of St. Louis. Relators request that this Court order the lower court to dismiss the suit because of lack of jurisdiction and venue. We quash our preliminary order.

Plaintiff in the pending suit is a resident of the City of St. Louis. She alleges she was injured when an automobile in which she was riding and being driven by a named individual defendant, also a resident of the City of St. Louis, was struck by a tractor-trailer in Illinois; that the rig was owned by relator Clems-Trans, Inc., and being driven by its employee, relator Lucia. Relators are named as defendants in the suit. The petition is silent as to residency of either relator.

▆▆▆ The record in this proceeding is completely devoid of the manner of service of process on relators and the sufficiency of service on them has not been called into question by a motion to quash service. Allegations in plaintiff's petition and grounds advanced by relators in their motions indicate that personal jurisdiction over the relators may very well turn on undetermined factual matters. Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy. *State ex rel. Fabrico v. Johnson,* 239 S.W. 844 (Mo. banc 1922). Excess of jurisdiction must be clearly evidenced. *State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928 (Mo. banc 1981). Further, the extraordinary writ of prohibition should not be used to allow an interlocutory appeal of alleged trial court error. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983).

The preliminary order in prohibition is quashed.

HIGGINS, GUNN and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., and WELLIVER, J., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

The sole question in this case is whether the individual and the corporate defendant may be subjected to the jurisdiction of a Missouri court, to answer a claim of damages for personal injury caused by an accident in Illinois, when service is made by means of the longarm statute, § 506.500, RSMo 1978, reading as follows:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting.

2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

The principal opinion says that the "record in this proceeding is completely devoid of the manner of service of process ..." Counsel for the respondent admitted at the hearing, after some sparring, that

service was had under the longarm statute, and that it was effected by personal service in California. The reference to the "record" is inappropriate. Prohibition is an original action in this Court, rather than appeal in which we review a record. Counsel have a duty to cooperate in eliminating sham issues and providing correct statements of undisputed facts. It is also appropriate to obtain from the circuit court the original summons and return as to each defendant. These show that service was had in California.

There is absolutely no basis in law for service outside Missouri under the longarm statute, on Louis Lucia, the individual defendant, for an accident which happened in Illinois. The statute requires some act by the individual in Missouri. The principal opinion states that the petition is silent as to the residence of the individual defendant. The numerous statements in the file that he resides in California are not disputed. The plaintiff, furthermore, took the necessary steps to obtain service outside the state, and there is no claim that Lucia is a resident of Missouri. He should not be subject to a harassing suit in Missouri when there is no basis for personal jurisdiction.

The principal opinion asserts that "the sufficiency of service ... has not been called into question by motion to quash service." The motion "to dismiss for want of venue and jurisdiction" is authorized under Rule 55.27(a)(2), and is sufficient to raise the issue of jurisdiction over the person. It is the substantial equivalent of a motion to quash service. *State ex rel. Newport v. Wiesman,* 627 S.W.2d 874 (Mo. banc 1982).

The corporate relator filed an affidavit in the trial court, asserting that it

... does not conduct any business in the state of Missouri with the exception that [it] may transit the state of Missouri on interstate business.

The plaintiff seeks to traverse this allegation simply by an amendment to his pleading. This procedure is not proper. Rule 55.28 provides that a motion may be supported by affidavit and heard on affidavit, unless the Court orders otherwise. The rule existed in this essential form long before Missouri had a summary judgment procedure. The court should take statements of fact in an affidavit as true unless traversed by opposing affidavit. Affidavits may not be used as evidence, but may be used to determine whether there are genuine issues of fact. The courts should require the cooperation of both parties in presenting the facts known to them. Just as in the case of a motion for summary judgment, a pleading should not be sufficient to pierce the factual allegations of an affidavit.

Even if we take the plaintiff's attempt at amendment by interlineation as an offer to prove the facts there stated, there is no basis for longarm service on account of an accident outside Missouri. The plaintiff apparently seeks to establish that the defendant does more than simply cross Missouri in the course of interstate transit, in asserting that it "delivered its products and services through the stream of commerce of the state of Missouri, with the expectation that they would be purchased and used by Missouri residents ... and traversed the highways of the state of Missouri and other open and private roads in said state on a regular basis." These allegations, even if proved, would not authorize longarm service in a case involving an accident in Illinois. By § 506.500, longarm jurisdiction is strictly limited to claims arising out of the enumerated acts.

Respondent cites *State ex rel. Newport v. Wiesman,* 627 S.W.2d 874 (Mo. banc 1982) in support of his jurisdiction. The case is not in point. It holds that an aircraft manufacturer may be subjected to jurisdiction in Missouri in a products liability action when it maintained service facilities for aircraft of its manufacture in Missouri. We held that there was a substantial Missouri element in the sale of the aircraft, even though the actual sale took place outside Missouri. The accident here in issue had no Missouri incidents. The plaintiff's place of residence, and treatment

in Missouri, do not enlarge the Court's jurisdiction over the out-of-state defendants.

I believe that there is sufficient information before us to support the issuance of an absolute rule in prohibition. Perhaps the defendants' affidavits were incomplete in failing to make a complete statement of facts in their affidavit, but the plaintiff has simply tried to make a pleaded issue, and has failed to demonstrate any basis for longarm service. It is no small thing to hail people from California into the Missouri courts, or to require them to make burdensome discovery on preliminary issues. The plaintiffs should have the burden of demonstrating some shadow of justification for longarm service before being allowed to proceed.

The principal opinion states that prohibition is not appropriate "when personal jurisdiction turns upon some fact to be determined by the trial court." I take it from this that the defendants are entitled to raise fact issues in further proceedings. The way is still open for the Court to decide these issues before trial.