**Luther Kevin CUNNINGHAM, Plaintiff,**

v.

**SUBARU OF AMERICA, INC., et al., Defendants.**

No. 85–0824–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Oct. 30, 1985.

Gary C. Robb, Anita Porte Robb, Robb & Robb, Kansas City, Mo., for plaintiff.

Joseph R. Colantuono, Joel A. Poole, Polsinelli, White & Vardeman, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Defendant Subaru of America (Subaru) has filed a motion to quash service of process and motion to dismiss plaintiff's complaint. The relevant facts will be briefly stated.

Subaru is a New Jersey corporation which imports vehicles into the United States from Japan, and apparently sells to regional distributors, which in turn sell to retailers throughout the continental United States. Subaru is not licensed to do business in Missouri, nor does it have a registered agent here. Plaintiff, a Kansas resident, was allegedly injured while riding in a Subaru "Brat" vehicle in Kansas City, Kansas. Although it is not clear from the filings, plaintiff's counsel conceded in a pretrial conference that the vehicle in question was not purchased in Missouri. No claim of a Missouri sale is made. Service of process was attempted on Subaru pursuant to the Missouri longarm statute, Mo. Rev.Stat. § 506.500 (Supp.1984).

Courts have often noted that challenges to longarm jurisdiction require a bifurcated analysis. First, service must be authorized by the longarm statute and, second, the assertion of personal jurisdiction must be consistent with constitutional notions of due process.

Under the Missouri longarm statute, nonresidents are subject to service of process if they do certain specified acts in Missouri, Mo.Rev.Stat. § 506.500.1, provided the cause of action is one "arising from" those

contacts. Mo.Rev.Stat. § 506.500.3.[1] Plaintiff contends, however, that Missouri case law has abrogated the statutory "arising from" language and that Missouri longarm analysis and constitutional due process analysis are now coextensive. After review of the relevant authorities, I am convinced that plaintiff's view takes undue liberties with the Missouri statute.

Plaintiff relies primarily on *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874 (Mo. banc 1982), where jurisdiction was upheld when a Beech aircraft was sold in Illinois and crashed in Georgia. The *Newport* court concluded that Beech was "transacting business" in Missouri because it established two franchised dealers here for sales and service of aircraft. *Newport*, 627 S.W.2d at 877. The opinion itself is rather difficult to parse and does not indicate how, if at all, the cause of action arose out of or was related to the Missouri franchises. The failure cannot be deemed mere oversight, however, as the court was clearly aware of the "arising from" requirement. *Id.* This court might be inclined to agree with plaintiff if *Newport* were the sole authority on the Missouri longarm statute. Prior to *Newport*, however, Judge Clark of this court ruled in *Wooldridge v. Beech Aircraft Corp.*, 479 F.Supp. 1041 (W.D.Mo. 1979), that the Missouri longarm statute contains "unambiguous language" making it inapplicable where the cause of action does not arise out of the Missouri contacts. *Id.* at 1054. *Newport* does not disapprove of *Wooldridge* and a number of subsequent decisions indicate that *Wooldridge* remains a correct statement of Missouri law despite *Newport*.

Although the majority opinion in *State ex rel. v. Clem Trans., Inc., v. Gaertner*, 688 S.W.2d 367 (Mo. banc 1985), has no bearing on the present issue, the dissenters, in statements not inconsistent with the majority, explain that the Missouri service and sales facilities in *Newport* did indeed con-

stitute "a substantial Missouri element in the sale." *Id.* at 369. They further stated that Missouri "longarm jurisdiction is strictly limited to claims arising out of the enumerated acts." *Id.* This language in the dissent is particularly important because Judge Welliver, the author of *Newport*, was among the dissenters, and any expansive reading of *Newport* therefore appears unjustified.

The Eighth Circuit has addressed the "arising from" requirement of the Missouri statute at least three times since *Newport*. In *Precision Construction Co. v. J.A. Slattery Co.*, 765 F.2d 114, 119 (8th Cir. 1985), it noted that the cause of action arising "from the very transaction on which jurisdiction is based" is a "requirement" of the Missouri longarm statute, as well as a primary consideration of due process issues. Similarly, the Eighth Circuit held in *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982), that the Missouri statute requires "that the nonresident defendant's activities within the state give rise to the cause of action asserted in the litigation," and, while urging liberal construction, reiterated the same point in *Sales Service Inc. v. Daewoo Int'l (America) Corp.*, 719 F.2d 971, 972 (8th Cir.1983). Also on point is *Nollman v. Armstrong World Indus.*, 603 F.Supp. 1168, 1171 (E.D.Mo.1985), wherein Chief Judge Nangle held that although the defendant may have conducted business in Missouri it was not subject to jurisdiction under the "transacting business" clause of the longarm statute because the cause of action did not arise from that business.[2]

■ Although the present plaintiff has alleged that Subaru has transacted business in Missouri, he has not alleged that the cause of action arises from that business. Neither has he alleged that Subaru committed a tort in Missouri, or even that injury resulted in Missouri from a tort com-

---

**1.** This section appeared as § 506.500.2 prior to the 1984 amendments.

**2.** The federal decisions are of course subordinate to state court interpretation of a Missouri

statute, but it seems significant that none of the federal cases give *Newport* the reading urged by plaintiff.

mitted elsewhere. In short, plaintiff has demonstrated no factual connection between the litigation and the forum sufficient to sustain longarm jurisdiction over defendant Subaru of America. The court therefore concludes that Subaru's challenge to personal jurisdiction is valid because service was not authorized by the Missouri longarm statute. Consideration of the constitutional due process issue is therefore unnecessary.

■ Finally, plaintiff urges that if the court sustains defendant's jurisdictional challenge, the proper remedy is a transfer to the District of Kansas pursuant to 28 U.S.C. § 1404(a) rather than a dismissal.[3] The considerations relevant to such a ruling are the convenience of the parties and witnesses and the interest of justice.

■ In the present case, there appears to be no significant difference in convenience between a Kansas and a Missouri forum. The interest of justice, however, does warrant a transfer. In particular, plaintiff asserts that if his cause were dismissed it might be barred by the statute of limitations. Justice would therefore be substantially advanced by a transfer to the District of Kansas, *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524–25 (5th Cir.1978) (Godbold, J.); *Gipromer v. SS Tempo*, 487 F.Supp. 631, 633 (S.D.N.Y.1980); *see also Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 430, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965) (section 1406), and such transfer will be granted. Consistent with Eighth Circuit practice, however, the order transferring this cause will be stayed to allow an opportunity for recourse to the court of appeals prior to transfer. *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir.1982); *Technitrol, Inc. v. McManus*, 405 F.2d 84, 86 (8th Cir.1968), *cert. denied*, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969). The decision to transfer removes from this court's consideration plaintiff's motion to strike defendant Automotive Import, Inc.'s

affirmative defenses. Accordingly, it is hereby

ORDERED that this cause of action is transferred to the United States District Court for the District of Kansas, effective thirty (30) days from the date of this order. Such transfer shall be stayed if relief is sought in the court of appeals prior to that time.

---

**3.** The court notes that a lack of personal jurisdiction over Subaru does not preclude such a transfer. *Stevens Yachts of Annapolis, Inc. v.* *American Yacht Charters, Inc.*, 571 F.Supp. 467, 468 (E.D.Pa.1983); *Wooldridge*, 479 F.Supp. at 1057 (citing authorities).