**Ruth E. BAYLES, Plaintiff,**

v.

**K–MART CORPORATION, Defendant.**

Civ. A. No. 86–0828.

United States District Court, District of Columbia.

June 16, 1986.

Jeffrey Robert White, Washington, D.C., for plaintiff.

Robert L. Ellis and Mary McGowan, Washington, D.C., for defendant.

## MEMORANDUM

GASCH, Senior District Judge.

In this diversity case, plaintiff, a Virginia resident, seeks to recover $20,000 for injuries that allegedly resulted from a fall that occurred in one of defendant's retail stores on John Marr Drive in Annandale, Virginia. The complaint states that, as plaintiff was shopping, she slipped on a plastic clothes hanger that was lying on one of the store's aisles. Currently before the Court is defendant's motion to dismiss for lack of personal jurisdiction or to transfer venue to the U.S. District Court for the Eastern District of Virginia.

## DISCUSSION

### A. Lack of Personal Jurisdiction

The complaint alleges that the defendant is a Michigan corporation with its principal place of business in that state. The Court thus may hear the case only if the plaintiff can establish an adequate factual basis for the assertion of personal jurisdiction pursu-

ant to District of Columbia law. *See Reuber v. United States*, 750 F.2d 1039 (D.C. Cir.1984); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C.Cir.1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

Here plaintiff first asserts that defendant "transacted business" in the District of Columbia within the meaning of D.C. Code § 13–423(a)(1), a provision of the District's long-arm statute. While plaintiff acknowledges that defendant operates no retail stores in the District of Columbia, she contends that defendant's advertising of its suburban stores through Washington, D.C. media satisfies the "transacting business" requirement.[1]

The "transacting business" provision has been held to extend personal jurisdiction to the fullest extent permissible under the due process clause. *Mouzavires v. Baxter*, 434 A.2d 988, 993 (D.C.App.1981), *cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982); *see also Reuber*, 750 F.2d at 1050 n. 13. Thus, personal jurisdiction exists when the defendant "purposefully establishe[s] 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). In this case, defendant's "affirmative act" of advertising in the District may be found to satisfy the requirements of due process and D.C. Code § 13–423(a)(1). *See Hummel v. Koehler*, 458 A.2d 1187 (D.C.App.1983).

The due process clause and the long-arm statute also require, however, that plaintiff's claim for relief must arise from the defendant's contacts with the District. *See* D.C.Code § 13–423(b); *Burger King*, 105 S.Ct. at 2181. Thus, plaintiff's claims must bear some relation to the acts in the District that are relied upon to confer personal

jurisdiction. *See Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 158 (D.C.App.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). Because the "arising from" requirement serves to ensure that states do not exceed their powers under the due process clause, *see Burger King*, 105 S.Ct. at 2182, it has been strictly enforced by courts in this jurisdiction.[2]

Plaintiff attempts to meet this requirement by arguing that defendant's advertising is necessarily intended to induce people to patronize its suburban stores. This invitation is said to place defendant under an obligation to ensure that its stores are reasonably safe for the use of invitee customers. Plaintiff asserts that her injury was caused by defendant's breach of this duty. Thus, plaintiff argues, her claim "arises from" defendant's advertising in the District of Columbia.

The Court rejects this argument for several reasons. First, it is incorrect to assert that defendant's duty of reasonable care somehow arose because of its advertising. Under the law of Virginia, any customer of a retail store occupies the status of an invitee and is owed a duty by the shopkeeper to maintain the premises in reasonably safe condition. *See Shiflett v. M. Timberlake, Inc.*, 205 Va. 406, 137 S.E.2d 908 (1964); *See also Thomason v. Great Atlantic and Pacific Tea Co.*, 413 F.2d 51 (4th Cir.1969); *Roll "R" Way Rinks, Inc. v. Smith*, 218 Va. 321, 237 S.E.2d 157 (1977). This invitee status is not contingent upon the shopkeeper's advertising. It is therefore difficult to find that plaintiff's claim is related to defendant's advertising in the District.

Second, plaintiff's complaint is based upon defendant's alleged failure to main-

---

1. The allegation of defendant's advertising "contacts" was not made in the complaint, but in plaintiff's opposition to the motion to dismiss. The Court will, however, treat these jurisdictional allegations as having been properly pleaded.

2. *See, e.g., Willis v. Willis*, 655 F.2d 1333 (D.C. Cir.1981); *Cardwell v. Investor's Analysis, Inc.*, 620 F.Supp. 1395 (D.D.C.1985); *Appel v. Southeastern Employers Service Corp.*, 605 F.Supp. 74

(D.D.C.1985); *Mizlou Television Network v. National Broadcasting Co.*, 603 F.Supp. 677 (D.D.C. 1984); *LaBrier v. A.H. Robins Co.*, 551 F.Supp. 53 (D.D.C.1982); *Beachboard v. Trustees of Columbia University*, 475 A.2d 398 (D.C.App.1984); *Cockrell v. Cumberland Corp.*, 458 A.2d 716 (D.C.App.1983); *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79 (D.C.App.1979) (per curiam).

tain its Annandale, Virginia store in a reasonably safe condition. From the face of the complaint, it appears that all occurrences relevant to this case occurred in Virginia. Where "all of the alleged acts at issue ... occurred other than in the District of Columbia," D.C.Code § 13–423(b) is not satisfied. *Appel v. Southeastern Employers Service Corp.*, 605 F.Supp. 74 (D.D.C.1985); *see also Cockrell v. Cumberland Corp.*, 458 A.2d 716 (D.C.App.1983); *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79 (D.C.App. 1979) (per curiam). In this case, the "virtual absence of any interest in the forum state in hearing this matter also argues for dismissal for want of jurisdiction." *Willis v. Willis*, 655 F.2d 1333, 1339 (D.C.Cir. 1981).

Finally, defendant's advertising through District of Columbia media does not constitute "a 'purposeful availment' of the benefits and privileges of this forum ... such that [the defendant] could reasonably anticipate being haled before this Court" on a claim related to the allegedly negligent maintenance of a store outside this jurisdiction. *Mizlou Television Network, Inc. v. National Broadcasting Co.*, 603 F.Supp. 677, 682 (D.D.C.1984) (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). Even if there is a relation between defendant's advertising and the alleged negligence, it is simply too tenuous to satisfy the requirements of due process and the long-arm statute. *Cf. Willis v. Willis*, 655 F.2d at 1333; *Martin-Trigona v. Acton Corp.*, 600 F.Supp. 1193 (D.D.C.1984).

Plaintiff's second asserted basis for personal jurisdiction is D.C.Code § 13–334(a), which provides: "In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation ... and that service is effectual to bring the corporation before the court." Plaintiff states that she complied with the requirements of Section 13–334(a) by serving the C.T. Corporation,

defendant's registered agent in the District of Columbia.

While Section 13–334(a) on its face appears to relate only to proper service of process, several courts in this jurisdiction have held that compliance with the statute may give rise to personal jurisdiction over a foreign corporation.[3] *See Ramamurti v. Rolls-Royce, Ltd.*, 454 F.Supp. 407 (D.D.C. 1978), *aff'd*, 612 F.2d 587 (D.C.Cir.1980); *AMAF Intern. Corp. v. Ralston Purina Co.*, 428 A.2d 849 (D.C.App.1981) (per curiam). These cases state that jurisdiction is conferred if a corporation is "doing business" in the District within the meaning of Section 13–334(a) and if the exercise of jurisdiction comports with due process.

A corporation is "doing business" for purposes of Section 13–334(a) if it has "any continuing corporate presence in the forum state directed at advancing the corporation's objectives." *AMAF Intern. Corp.*, 428 A.2d at 851. Plaintiff alleges that defendant meets that test by maintaining a registered agent in the District and by its alleged advertising activities. The plaintiff's allegations, however, do not indicate whether defendant's advertising contacts with the District of Columbia are "continuous."

■ Even if defendant's alleged contacts did constitute "doing business" under Section 13–334(a), however, the Court concludes that due process considerations preclude the assertion of jurisdiction under the circumstances of this case. The Supreme Court has clearly indicated that where, as here, a claim does not arise from a non-resident's contacts with the forum state, due process requires a particularly searching scrutiny of alleged jurisdictional contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

---

**3.** The Supreme Court has described the type of jurisdiction available under § 13–334(a) as "general jurisdiction," in contrast with the "specific jurisdiction" exercised under the long-arm stat-

ute. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984).

Here the only alleged contacts with the District are advertising and maintenance of a registered agent for receipt of process. There is no contention that defendant has corporate agents in the District who solicit sales or negotiate contracts on defendant's behalf. *See International Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S.Ct. 154, 157–58, 90 L.Ed. 95 (1945). Plaintiff does not live in this forum, *see Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and plaintiff has not attempted to demonstrate the District's interest in adjudicating this dispute. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Moreover, the District of Columbia Court of Appeals, in a recent case involving jurisdiction under Section 13–334(a), discounted the significance of advertising contacts:

As a contact advertising is significant only when it is pervasive or when the cause of action arises in the forum.... Here, however, the advertising is only intermittent, and the cause of action has nothing to do with the forum.

*Hughes v. A.H. Robins Co., Inc.,* 490 A.2d 1140, 1151 (D.C.App.1985). In this case, plaintiff has not alleged or demonstrated that defendant's advertising contacts are "pervasive."

Because plaintiff has not shown that defendant's contacts with the District are both substantial and continuous, jurisdiction does not lie under Section 13–334(a). *See Hughes,* 490 A.2d at 1151. The Court therefore concludes that defendant's alleged activities in this forum "do not themselves demonstrate substantial contact and are individually and collectively too remote from the wrongs alleged to warrant the exercise of personal jurisdiction in this case." *Sami v. United States,* 617 F.2d 755, 760 (D.C.Cir.1979); *see also Ramamurti v. Rolls-Royce, Ltd.* (D.C.D.C.1978) 454 F.Supp. 407 at 413.

**4.** These cases attempt to bring the law under § 1404(a) into conformity with the law under

## B. *Transfer of Venue*

Defendant also moves for transfer of this case to the U.S. District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) (1982). That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." The Court concludes that transfer of this case under Section 1404(a) is appropriate.

■ While this Court lacks personal jurisdiction over the defendant in this action, the District Court in Virginia will be able to exercise jurisdiction. *See* Va.Code § 8.01–328.1; *see also Blue Ridge Bank v. Veribanc, Inc.,* 755 F.2d 371 (4th Cir.1985). Moreover, by its motion, defendant concedes that venue is proper in that court. Furthermore, plaintiff lives in Virginia, the alleged tort occurred in Virginia, many of the witnesses in this case presumably live or work in Virginia, and the law of Virginia will govern the case. In view of these considerations, the Court believes that the strong showing required to overturn the plaintiff's choice of forum has been made. *See Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *SEC v. Savoy Industries,* 587 F.2d 1149 (D.C.Cir.), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979).

■ That this Court lacks personal jurisdiction over defendant does not prevent transfer under Section 1404(a). A number of courts have held that, as with 28 U.S.C. § 1406, Section 1404(a) permits transfer even when the transferor court lacks personal jurisdiction. *See, e.g., United States v. Berkowitz,* 328 F.2d 358 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Torres v. Torres,* 603 F.Supp. 440 (E.D.N.Y.1985); *Stevens Yachts of Annapolis, Inc. v. American Yacht Charters, Inc.,* 571 F.Supp. 467 (E.D.Pa.1983); *LaBrier v. A.H. Robins Co., Inc.,* 551 F.Supp. 53 (D.D.C.1982).[4] *Cf.*

§ 1406. In *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39

*Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1147–48 (5th Cir. 1984) (transfer absent personal jurisdiction permitted under either § 1404(a) or § 1406); *Nelson v. International Paint Co.*, 716 F.2d 640, 643 n. 4 (9th Cir.1983) (same); *Corke v. Sameiet .M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978) (same).

### ORDER

Upon consideration of defendant's motion to dismiss or to transfer venue, the memoranda of points and authorities in support thereof and in opposition thereto, and the parties having been heard in open court thereon, it is by the Court this 16th day of June, 1986, for the reasons stated in the accompanying memorandum,

ORDERED that defendant's motion to transfer venue be, and hereby is, granted; and it is further

ORDERED that the case be, and hereby is, transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

(1962), the Supreme Court held that the "interest of justice" language of § 1406(a) "is amply broad enough to authorize the transfer of cases ... whether the court in which [a case] was filed had personal jurisdiction over the defendants or not." The above-noted decisions thus apply the *Goldlawr* principle to § 1404(a). *See* C. Wright, A. Miller & E. Cooper; *Federal Practice and Procedure* § 3827 (1986).