James R. WIGGINS, Jr., Plaintiff,

v.

EQUIFAX INC., et al., Defendants.

Civ. A. No. 92–0315 (RCL).

United States District Court, District of Columbia.

May 13, 1994.

See also 853 F.Supp. 484.

John C. LaPrade, Washington, DC, Frazier Walton, Jr., Alexandria, VA, for plaintiff.

John Foster Anderson, McGuire, Woods, Battle, & Boothe, Alexandria, VA, for defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This case comes before the court on motions to dismiss the complaint for lack of personal jurisdiction by defendants Lowitz and Shaw.[1] Upon consideration of the filings of counsel and the relevant law, the court finds that it does not have personal jurisdiction over the defendants and grants defendants' motions to dismiss in accordance with this memorandum opinion.

### I. Introduction

This case involves the creation and dissemination of an erroneous consumer report regarding plaintiff, Mr. James Russell Wiggins, Jr.[2] Plaintiff charges defendants Lowitz and Shaw with numerous violations of the Fair Credit Reporting Act and RICO, just to name a few in this inarticulately pled, twenty-two count complaint. Defendants Lowitz and Shaw have filed motions to dismiss for lack of personal jurisdiction, claiming lack of sufficient personal contacts with the District of Columbia to support jurisdiction under the District of Columbia long-arm statute.

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

■ Federal Rule of Civil Procedure 12(b)(2) "authorizes a motion to dismiss based upon the traditional defense that the court lacks jurisdiction over the defendant's

---

**1.** Only defendants Lowitz and Shaw have moved to dismiss for lack of personal jurisdiction. Equifax, Inc. and Equifax Services, Inc., a wholly-owned subsidiary of Equifax, Inc., clearly have sufficient contacts with the forum to justify personal jurisdiction.

**2.** This case is related to a number of other cases now before this court: *Wiggins v. Equifax Servic-*
es, Inc., C.A. No. 90–0199, *Wiggins v. William Hitchens*, C.A. No. 91–2179, *Wiggins v. District Cablevision*, C.A. No. 92–0075, and *Wiggins v. Philip Morris, Inc.*, C.A. No. 92–0493. For extensive factual background information, see *Wiggins v. Equifax Services, Inc.*, 848 F.Supp. 213 (D.D.C. 1993).

person, which raises a question as to whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1351 (1969). Plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over a defendant. *Crane v. New York Zoological Society,* 894 F.2d 454, 455 (D.C.Cir.1990) (citing *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C.Cir.1984)).

### B. District of Columbia Long–Arm Statute

■■■ In order to assert personal jurisdiction over a non-resident defendant, service of process must be authorized by statute and must comport with the Due Process Clause of the Fourteenth Amendment. *Cohane v. Arpeja–California, Inc.,* 385 A.2d 153, 158 (D.C.), *cert. denied* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, *Mouzavires v. Baxter,* 434 A.2d 988 (D.C.1981) (en banc), *cert. denied,* 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (citations omitted).

District of Columbia Code section 13–423(a) states the conditions under which a District of Columbia court may exercise personal jurisdiction:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia; [3] ...

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.[4]

D.C.CODE ANN. § 13–423(a) (1981 & Supp. 1993). Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his "claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction." *Id.* § 13–423(b); *Bayles v. K–Mart Corp.,* 636 F.Supp. 852, 854 (D.D.C.1986).

### II. Personal Jurisdiction

Plaintiff's allegations of defendants' contacts with the District fall into two general categories: actions related to their employment and acts in furtherance of an alleged conspiracy.

### A. Employment

■■ In the complaint, plaintiff simply states that defendants Lowitz and Shaw "are doing business within the District of Columbia." In his opposition to defendants' motions to dismiss, plaintiff clarifies these allegations with the following specifics:

Shaw and Lowitz are both supervisors in the McLean Va [sic] of Equifax Services, Inc. ("ESI") and fall within the purview of the District of Columbia long-arm statute ... by engaging in acts that aided and contributed to ESI intentional violations of the preliminary injunction issued by the Hon Royce C. Lamberth on February 16, 1990 in CA 90–0199. These acts include

---

**3.** Plaintiff broadly states in his complaint that "Shaw [and] Lowitz ... are doing business within the District of Columbia." Compl. ¶ 5.

**4.** Although plaintiff doesn't cite a particular section of the long-arm statute, plaintiff's opposition to the motions to dismiss makes it clear that he is relying on § 13–423(a)(4) of the D.C.Code. He states "Shaw and Lowitz engaged in tortious

contractual activities in Virginia and in Maryland that have deliberately harmed Plaintiff in the District of Columbia." Plf.'s Opp'n Mot. Dismiss ¶ 1. He goes on to state that "each defendant committed acts outside the District of Columbia, including issuing a report or reports which caused harm and damage to the plaintiff in the District of Columbia." *Id.* ¶ 11.

issuing and transmitting reports pertaining to Plaintiff to Equifax Inc.'s Atlanta, Georgia offices.

Plf.'s Opp'n Mot. Dismiss ¶ 1. Plaintiff goes on to assert that

[Defendants] supervised from Virginia various subordinates who collected information and made reports from both Virginia and the District of Columbia. These subordinates followed Shaw and Lowitz' instructions and provided regular donsumer [sic] reports from both the District of Columbia and Virginia, orally and in writing, for ESI.

*Id.* ¶¶ 3–4. Plaintiff maintains that the defendants specifically directed ESI agents and employees into the District of Columbia and then supervised the collection and transmission of this data in the form of false Equifax consumer reports concerning plaintiff into the District of Columbia. *Id.* ¶ 5.

In denying sufficient contacts for personal jurisdiction to attach in the District of Columbia, defendants Lowitz and Shaw assert that they are employed at the McLean, Virginia offices of Equifax Services, Inc. Def.'s Mot. Dismiss, Shaw Aff. ¶ 1; *id.,* Lowitz Aff. ¶ 1. They each further state:

My limited involvement with any matters relating to James Russell Wiggins, Jr. took place in the McLean, Virginia office. I did not visit or conduct business in the District of Columbia for any purpose related to James Russell Wiggins, Jr.

*Id.* ¶ 2. They both state:

I did not transact or contract to supply services or things in the District of Columbia for any purpose relating to James R. Wiggins. I did not regularly do business, solicit business or engage in any other persistent course of conduct or derive any substantial revenue from goods used or consumed or services rendered in the District of Columbia to James R. Wiggins. I

did not have any interest in, use or possess real property in the District of Columbia. *Id.* ¶ 3.

■ It is true that a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation. *See Quinto v. Legal Times,* 506 F.Supp. 554, 558 (D.D.C.1981). Personal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity. Thus, the corporation *ordinarily* insulates the individual employee from the court's personal jurisdiction.

In this case, defendants are clearly not "doing business" within the District of Columbia. They are merely employees of a company that has contacts with the District. These acts, carried out within the scope of their employment, do not create sufficient contacts to establish personal jurisdiction. The fact that Lowitz and Shaw may have acted in a supervisory capacity over persons with contacts with the District also fails to create personal jurisdiction.[5] Insofar as the complaint attempts to establish personal jurisdiction over defendants Lowitz and Shaw as employees of ESI, plaintiff fails to establish personal jurisdiction.

### B. Conspiracy

Plaintiff's complaint is also based on a conspiracy theory. Plaintiff suggests that defendants were involved in a conspiracy with co-conspirators who have the necessary contacts with the District to impose personal jurisdiction.

■ Under the "conspiracy theory of jurisdiction," "acts within the forum of one co-conspirator in furtherance of an alleged conspiracy, subject a non-resident co-conspirator

---

5. In his opposition to the motions to dismiss, plaintiff states:

On February 9, 1990, Shaw was the only witness for defendant ESI in a TRO hearing before Judge Lamberth in CA 90–0199. During this hearing, it was Shaw's purpose ... to convince the Court by giving incorrect testimony that ESI had corrected the False Wiggins Report dated January 17, 1990.

Plf.'s Opp'n Mot. Dismiss ¶ 3. This court rejects plaintiff's attempt to satisfy personal jurisdiction over defendant Shaw because of this contact with this forum. Plaintiff will not be allowed to create personal jurisdiction by suing an employee's company and then bringing a related lawsuit against the employee who testifies in defense of his company.

to personal jurisdiction." *Mandelkorn v. Patrick*, 359 F.Supp. 692, 696 (D.D.C.1973); *see Dooley v. United Technologies Corp.*, 786 F.Supp. 65, 78 (D.D.C.1992). Thus, in order to succeed on the conspiracy theory, plaintiff must allege 1) the existence of a conspiracy of which the defendants were members and 2) overt acts committed in the District of Columbia in furtherance of the conspiracy. *See Dorman v. Thornburgh*, 740 F.Supp. 875, 878 (D.D.C.1990), *aff'd in part and appeal dismissed in part*, 955 F.2d 57 (D.C.Cir. 1992); *Hasenfus v. Corporate Air Servs.*, 700 F.Supp. 58, 62 (D.D.C.1988). However, "[b]ald speculations that defendants are alleged co-conspirators do not constitute a threshold showing necessary to carry the burden of establishing personal jurisdiction" over nonresident defendants under District of Columbia law. *Hasenfus*, 700 F.Supp. at 58.[6]

█ In support of his conspiracy claim, plaintiff states that

Equifax, acting independently and through its agents, employees and attorneys, and in conjunction and in conspiracy with ESI agents Shaw, Lowitz and ESI employee Darryl J. Madden, intentionally, willfully, and maliciously issued and disseminated the False Consumer Report pertaining to Plaintiff dated January 17, 1990.

Compl. ¶ 10. Later in the complaint, plaintiff states that "[d]efendants Shaw, Lowitz, Baker, ESI and Equifax worked in concert in order to intentionally damage Plaintiff." *Id.* ¶ 114.

As for specific acts committed in the District of Columbia in furtherance of the conspiracy, one theory of conspiracy maintains that defendants Lowitz and Shaw conspired to violate the Fair Credit Reporting Act by

falsifying and concealing the existence of information regarding Mr. Wiggins as well as willfully and knowingly disseminating false consumer reports relating to plaintiff in the District of Columbia. Plaintiff also alleges numerous tortious acts by ESI and others in furtherance of this alleged conspiracy.

However, plaintiff does not explain how a single entity-Equifax, Inc., Equifax, and two of its employees-can be liable for civil conspiracy. *Okusami v. Psychiatric Inst. of Washington*, 959 F.2d 1062, 1066–67 (D.C.Cir.1992) (citing *Michelin v. Jenkins*, 704 F.Supp. 1, 4 (D.D.C.1989)); *see Weaver v. Gross*, 605 F.Supp. 210, 214 (1985) ("[T]he general rule of corporate law remains that directors, officers and employees are agents of a corporation, and may act on its behalf, they generally should not be held to be conspirators."). In order to plead a conspiracy between a corporation and its agents, a plaintiff must claim that the agents were acting *outside the scope of their employment* or "were taken solely for personal, non-business motivations." *Weaver*, 605 F.Supp. at 215. There are no factual allegations contained in Mr. Wiggins' complaint that would remove the alleged acts in furtherance of a conspiracy from the scope of employment, notwithstanding the bald allegations that these acts were performed "willfully" and "maliciously."

## III. CONCLUSION

For the reasons set forth herein, defendants' motions to dismiss for lack of personal jurisdiction are granted. Defendants Lowitz and Shaw are hereby dismissed as parties to this lawsuit.

A separate order shall issue this date.

---

**6.** At this early stage of litigation, plaintiff cannot be expected to have complete knowledge of an alleged conspiracy. In his opposition to defendants' motions to dismiss, plaintiff simply states "[t]he Court should deny the motions to dismiss by both Shaw and Lowitz ... prior to discovery." In doing so, plaintiff draws the court's attention to an important circuit precedent supporting the court's current decision embodied in the cases of *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C.Cir.1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984) and *Ed-*

*mond v. United States Postal Serv. Gen. Counsel*, 953 F.2d 1398 (D.C.Cir.1992) (per curiam). In *Edmond*, then-Circuit Judge Ruth Bader Ginsburg noted the importance of affording a plaintiff "ample opportunity" to take discovery relevant to personal jurisdiction before dismissing a claim against a defendant. However, this court need not decide whether plaintiff was abided a fair opportunity to pursue discovery keyed to the issue of personal jurisdiction. This court finds that plaintiff's claim of conspiracy is sufficient to maintain personal jurisdiction.

*ORDER*

It is hereby ORDERED:

1. Defendant Alan Lowitz's motion to dismiss for lack of personal jurisdiction is GRANTED. Alan Lowitz is hereby DISMISSED as a defendant in this case.

2. Defendant Thomas Shaw's motion to dismiss for lack of personal jurisdiction is GRANTED. Thomas Shaw is hereby DISMISSED as a defendant in this case.

3. Plaintiff's motion for leave to file an opposition to defendants' motion to dismiss out of time is GRANTED *nunc pro tunc*, and the opposition lodged with the Clerk on April 10, 1992, shall be deemed filed as of that date.

4. Plaintiff's memorandum in opposition to defendants' motions to dismiss filed on December 30, 1993 is STRICKEN from the record in this case, since plaintiff neither sought nor obtained leave to file an additional opposition.

SO ORDERED.