## MANN v. PACIFIC ATLANTIC S. S. CO.

District Court, S. D. New York.

Feb. 1, 1935.

Silas B. Axtell, of New York City (Frederick H. Cunningham, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert P. Nash, of New York City, of counsel), for defendants.

HULBERT, District Judge.

This suit was commenced in this court on September 4, 1934.

The complaint states that the action is one under special rule for seamen to sue without security or prepayment of fees for the enforcement of the laws of the United States, common and statutory, for the protection of the health and safety of seamen at sea.

The complaint alleges that on or about February 5, 1934, at Portland, Or., Partridge signed on the steamship San Pedro, owned, operated, managed, and controlled by the defendant, as an able-bodied seaman, at an agreed rate of wages and found; that on or about March 10, 1934, he was ordered by his superior officers, together with other seamen, to scale the smokestack; while on a scaffold in the performance of that duty, suddenly and without notice, one of the hooks holding the said staging straightened out or otherwise parted, causing the staging to disassemble and tilt, whereby Partridge was thrown to the deck below, causing him to sustain serious, severe, and permanent personal injuries, *and to also thereby become insane.*

Three motions are before the court for disposition: (1) Defendant moved, on October 10, 1934, for a dismissal of the complaint and of the action on the ground that plaintiff has not legal capacity to sue. This motion was adjourned from time to time; and, meanwhile, (2) plaintiff moved for an order permitting and allowing a survey, examination, and inspection of the San Pedro; (3) plaintiff filed a cross-motion for an order to appoint Hattie Partridge Mann as ancillary guardian, to have the title of the action changed and the proceedings heretofore had herein accordingly amended.

It is stated in the plaintiff's brief that: "The suit is a Jones Act case." Merchant Marine Act (title 46, USCA § 688). But there is no such allegation in the complaint; as a matter of fact, diversity of citizenship is not alleged. The defendants are corporations organized and existing under the laws of the state of Delaware, and each is alleged to have a place of business in the borough of Manhattan, city and state of New York, but the residence of the plaintiff is not alleged. The moving papers state that since the date of the accident Partridge has been "confined to State Institutions and is now an inmate of Mendocino State Hospital, Talmage, California."

Attached to plaintiff's brief is a copy of letters of guardianship issued out of the superior court of Dare county, N. C., on August 27, 1934, to Hattie Partridge Mann, as guardian, who, having qualified as such, is authorized and empowered "to enter in and upon all and singular the goods and chattels, rights and credits of said incompetent, minor orphan, wheresoever to be found, and the same to take possession, secure and improve, and

further to manage said estate and every part thereof for the benefit and advantage of said incompetent, minor orphan, and according to law."

It may be noted in passing that the ninth paragraph of the complaint does not allege that the John Partridge, an incompetent for whom a guardian was appointed by the North Carolina court, is the John Partridge who, as a member of the crew of the steamship San Pedro, met with the injuries complained of. No exceptions to these defects is taken by the defendants.

Their contention is that a foreign guardian of an incompetent person has no greater right to maintain an action in this court than a foreign administrator or foreign executor.

■ An administrator appointed in one state cannot, as such, maintain a suit in another state. Johnson v. Powers, 139 U. S. 156, 11 S. Ct. 525, 35 L. Ed. 112.

The Supreme Court said, in Morgan v. Potter, 157 U. S. 195, 197, 15 S. Ct. 590, 591, 39 L. Ed. 670: "The authority of a guardian, like that of an executor or administrator, appointed by a court of one state, is limited to that state, and he cannot sue in a court, even of the United States, held within any other State, except so far as authorized to do so by its laws."

The Circuit Court of Appeals in this Circuit, in a suit by an administrator appointed by the Surrogate's Court in New Jersey, said: "It is well settled that an administrator appointed in one state cannot as such maintain an action in another state, which has not either by the issue of ancillary letters or by some special provision of statute given him authority so to sue." J. B. & J. M. Cornell Co., Ltd., v. Ward, 168 F. 51, at page 52.

Prior to the enactment of section 2326 of the Code of Civil Procedure (now section 1363 of the Civil Practice Act) of New York state, there was no authority in the New York courts to appoint a committee other than a resident of the property of an incompetent nonresident.

Section 1363 of the Civil Practice Act reads as follows:

"§ 1363. *When Foreign Committee may be Appointed.* Where the person alleged to be incompetent resides without the state, and a committee, curator or guardian of his property, by whatever name such officer may be designated, has been duly appointed pursuant to the laws of any other pointed pursuant to the laws of any other state, territory or country where he resides, the court, in its discretion, may make an order appointing the foreign committee, curator or guardian, the committee of all or of a particular portion of the property of the incompetent person, within the state, on his giving such security for the discharge of his trust as the court thinks proper."

The Appellate Division of the New York Supreme Court, First Department, in Seitz Estates v. Seitz, 226 App. Div. 373, 235 N. Y. S. 357, at page 363, construing this section, said it "merely granted authority in the court in its discretion to appoint the foreign committee as committee of the property of the incompetent within the state of New York."

■ An action to recover damages, for a tort, is not local but transitory, and can, as a general rule, be brought wherever the wrongdoer may be found. Dennick v. Central Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Stewart v. Baltimore & O. R. Co., 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537.

■ So that the chose in action gives authority under the New York statute to appoint the foreign committee in New York to prosecute the action based thereon.

If John Partridge had brought this suit and, upon discovering his legal incapacity, a duly appointed foreign committee had applied for substitution as plaintiff, I can perceive of no just reason why it should not be done.

This is an action, presumably, of which a court of admiralty would have jurisdiction. In that division of this court, all seamen are regarded as its wards. Certainly, an incompetent, like an infant, is a ward of any court whose process is invoked for the enforcement of a right of such incompetent. It has long been the recognized practice in this court to appoint guardians of infants for the purpose of instituting action existing in their favor, and justice and fair play require that the practice and procedure in such a case as this be disposed of without circuity.

1. The motion to appoint the foreign guardian as committee of the incompetent for the purpose of prosecuting this action will be granted, but the order to be entered thereon should provide that no payment of any recovery herein upon final judgment, settlement, or otherwise shall be made to such committee unless and until a further order of this court shall be made and entered providing for the execution of a bond

to insure the proper disposition of any moneys payable to such committee of the incompetent to be taken out of the state by such committee.

2. The motion of the defendant to dismiss the complaint and the action will be denied without prejudice to a renewal thereof if the plaintiff does not seasonably enter an order.

3. The plaintiff's motion for a survey and inspection will be restored to the motion calendar of this court for February 15, 1935, so that the disposition thereof may be held in abeyance until the foreign guardian has acquired a proper standing in this court and in this action.