BERWYN FUEL, INC., Appellant,

v.

Emerson HOGAN, Jr., Appellee.

No. 13732.

District of Columbia Court of Appeals.

Argued Jan. 10, 1979.

Decided March 1, 1979.

Brien A. Roche, Fairfax, Va., for appellant.

Rhodell G. Fields, Washington, D. C., for appellee.

Before KERN and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

This appeal presents for our determination whether the trial court correctly refused to dismiss a complaint by appellee, a District of Columbia resident, for personal injuries and property damage arising out of an auto accident allegedly caused by negligence on the part of appellant's employee driving one of its delivery trucks. Appellant, a Maryland corporation doing some business in the District, argued to the trial court and now urges upon this court two reasons for dismissal: First, the so-called Long Arm Statute, D.C.Code 1973, § 13–

423, the statute upon which appellee relies in asserting the court has personal jurisdiction over appellant, is applicable *only* if the accident had arisen out of its doing business within the District and here appellant's truck, at the time of the accident, was making a delivery in Maryland; and second, appellee's contacts with the forum in which he filed the complaint, the District, are so limited, the dockets of that forum so burdened, and the consequent inconvenience to appellant, a Maryland corporation which virtually does all of its business in Maryland, so great that the doctrine of forum non conveniens should be invoked.

We agree with the contention that the trial court improperly asserted its jurisdiction over appellee.[1] Before the Superior Court of the District of Columbia may exercise personal jurisdiction over a nonresident defendant such as appellant, service of process over that nonresident must be authorized by D.C.Code 1973, § 13–423, which permits a jurisdictional reach coextensive with that permitted by the due process clause. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Cohane v. Arpeja-California, Inc.,* D.C.App., 385 A.2d 153, 158 (1978). Section 13–423 provides in pertinent part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia

\* \* \* \* \* \*

(b) When jurisdiction over a person is based solely upon this section, *only a claim for relief arising from acts enumerated in this section may be asserted against him.* (Emphasis added.)

The only nexus required by subsection (a)(1) of this statute between the District of Columbia and the nonresident defendant is "some affirmative act by which the defendant brings itself within the jurisdiction and establishes minimum contacts," *Cohane v. Arpeja-California, Inc., supra,* 385 A.2d at 158, *citing Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); but the jurisdiction thereby conferred is restricted to claims arising from the particular transaction of business carried out in the District. *Id.* In interpreting Section 13–423, this court explained in *Cohane*:

[T]he statute would not grant . . . jurisdiction over a nonresident defendant [engaged in the business of shipping items] with respect to a claim arising from a shipment of goods to a purchaser in Pennsylvania, solely on the ground that the defendant had also shipped goods to purchasers in the District. [*Cohane, supra* 385 A.2d at 158.]

In the instant case, appellant's business was making fuel deliveries, some of which were made in the District. However, appellee's claim for relief from the accident did *not* arise from any of these District of Columbia-related acts, *viz.,* deliveries to the District, but from an activity which occurred completely within Maryland, *viz.,* delivery of fuel by the truck striking his auto.

In sum, since the claim must relate to the particular act or transaction forming the basis for personal jurisdiction, D.C.Code 1973, § 13–423(b), and the claim here did not, the judgment must be and is reversed because the court lacked jurisdiction.[2]

*So ordered.*

1. Having found that the lower court lacked personal jurisdiction over appellant, we do not reach the issue of forum non conveniens.

2. Appellee has urged that Subsection (a)(4) and *not* (a)(1) of D.C.Code 1973, § 13–423 was the trial court's basis for asserting personal jurisdiction over appellant. This provision authorizes personal jurisdiction over a person as to any claim against him arising from the tortious injury he caused *in the District of Columbia,* providing it is established that he had any one of three enumerated contacts with the District. Here, however, the tortious injury on which the complaint is based was "caused" in Maryland by the collision of appellant's truck with appellee's van. Therefore Subsection (a)(4) is clearly inapplicable and could not have been a

source of the court's personal jurisdiction over appellant.

*Aiken v. Lustine Chevrolet, Inc.,* 392 F.Supp. 883, 887 (D.D.C.1975), relied upon by the trial court for its conclusion that it had jurisdiction, is inapposite to the instant case. There, the court was considering subsection (a)(4) of Section 13–423 and dealing with the fact that the

injury asserted by the plaintiff had occurred in the District.

