**AMAF INTERNATIONAL CORPORATION,**
Appellant,

v.

**RALSTON PURINA COMPANY, A**
**Corporation, Appellee.**

No. 79–1078.

District of Columbia Court of Appeals.

Argued June 25, 1980.

Decided March 13, 1981.

Reuben K. Millstein, Washington, D.C., for appellant.

Richard F. Siegel, Washington, D.C., for appellee.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

PER CURIAM:

Appellant, a District of Columbia corporation, filed suit against appellee, a Missouri corporation, for negligence and/or breach of contract in shipping 600 bags of poultry feed to Nigeria. The order for the poultry feed was placed by telephone call from appellant in the District of Columbia to appellee's officer in Jackson, Mississippi, and correspondence with that office and appellee's home office in St. Louis, Missouri. The

1. D.C. Code 1973, § 13–334(a) provides as follows:

In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the

feed was shipped from New Orleans, Louisiana to Port Harcourt, Nigeria. Appellee moved to dismiss the complaint, alleging lack of personal jurisdiction. The trial court granted the motion. Citing D.C. Code 1973, § 13–423 (the long-arm statute), appellee had contended that although it is qualified to (and does) do business in the District of Columbia and has a registered agent here, it does not "solicit export business from or within the District of Columbia, does not maintain an office here to solicit, negotiate or perform contracts for the export of animal feed, nor does it derive substantial revenue from export services rendered here." That is to say, appellee does not transact in the District of Columbia the type of business underlying appellant's claim. D.C. Code 1973, § 13–423(a)(1).

That is not to say, however, that the type of business which appellee *does* conduct in the District of Columbia will not support jurisdiction in the trial court. Under D.C. Code 1973, § 13–334(a), a foreign corporation which carries on a consistent pattern of regular business activity within the jurisdiction is subject to the general jurisdiction of our courts, upon proper service, and not merely for suits arising out of its activity in the District of Columbia. *Goldberg v. Southern Builders, Inc.*, 87 U.S. App.D.C. 191, 184 F.2d 345 (1950).[1] This is in direct contrast to the "transacting any business" provision of our long-arm statute, § 13–423(a)(1), under which jurisdiction is limited to claims arising from the particular transaction of business which forms the basis of jurisdiction. D.C. Code 1973, § 13–423(b); *Berwyn Fuel, Inc. v. Hogan*, D.C. App., 399 A.2d 79, 80 (1979); *Cohane v. Arpeja-California, Inc.*, D.C.App., 385 A.2d 153, 158, *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978).

District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

Jurisdiction in *Goldberg* was predicated upon D.C. Code 1961, § 13–103, predecessor to the modern § 13–334(a).

The long-arm statute is not exclusive.[2] Thus, absent any other direct involvement in this jurisdiction, a corporation's particular transaction giving rise to legal claims may subject it to personal jurisdiction under our long-arm statute. But where, as here, a foreign corporation is authorized to do business in the District and has an address (with a phone listing) at which its agent may be served, the broader "doing business" statute comes into play.

The fact that § 13–334(a) allows service upon a corporation's registered agent does not end the inquiry, however. Before a court may properly assert personal jurisdiction over a nonresident defendant, service of process to that defendant must be authorized by statute *and* be consistent with due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Cohane v. Arpeja-California, Inc., supra.* That is, we must decide whether appellee was doing business in the District within the meaning of § 13–334(a). While there are no hard and fast rules as to what constitutes "doing business," courts here have defined it as any continuing corporate presence in the forum state directed at advancing the corporation's objectives. *Price v. Griffin*, D.C.App., 359 A.2d 582, 586 (1976); *Ramamurti v. Rolls-Royce Ltd.*, 454 F.Supp. 407, 409 n.2 (D.D.C. 1978), *aff'd*, 198 U.S.App.D.C. 92, 612 F.2d 587 (1980).

In that regard, appellee—as stated— is qualified to do business in the District of Columbia and has been for some twenty-five years. It maintains a registered agent here as a condition of that privilege. Moreover, appellee concedes that it *does* do business here, selling its products in our local supermarkets for both human and animal consumption. In fact, appellant asserts that its decision to initiate the particular contract involved in this litigation was based—at least in part—on appellee's advertising of its products in the District of Columbia and appellee's reputation as a manufacturer of animal feed. These facts are sufficient to support the exercise of personal jurisdiction over appellee under § 13–334(a). *See Key v. S.C. Johnson & Son, Inc.*, D.C.App., 189 A.2d 361 (1963) (nonresident corporation producing chemical products which are marketed extensively in the District of Columbia, subject to personal jurisdiction by service of process on agent whose functions are unrelated to sales); *District Grocery Stores v. Brunswick Quick Freeze Co.*, D.C.Mun.App., 106 A.2d 134 (1954) (nonresident corporation providing products for sale to grocery stores in the District of Columbia, subject to personal jurisdiction under "doing business" provision).

Appellee's assertions that it did not initiate this particular contract and that its commercial activities in this jurisdiction are unrelated to the subject matter of the contract are without force. "If the defendant, like the maker of the better mousetrap, is fortunate enough to get the business without active solicitation, it does not gain immunity from an exercise of jurisdiction by those states in which it engages in substantial activity of a different sort." *Shealy v. Challenger Manufacturing Co.*, 304 F.2d 102, 104 (4th Cir. 1962) (footnote omitted). *See also Harris v. American Railway Express Co.*, 56 App.D.C. 264, 12 F.2d 487, *cert. denied*, 273 U.S. 695, 47 S.Ct. 92, 71 L.Ed. 845 (1926) (court has jurisdiction over nonresident corporation in suit for damages arising out of contract for transportation of beans, with shipment having points of origin and destination outside the District of Columbia). It is sufficient that appellee maintains a corporate presence here directed at advancing its objectives. "When a corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' it has clear notice that it is subject to suit there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62. L.Ed.2d 490 (1980), quoting from *Hanson v. Denckla*, 357 U.S.

---

2. The "doing business" statute, § 13–334(a), is the predecessor to § 13–423 and "continues to exist as a basis for personal jurisdiction alongside the more comprehensive long-arm provisions in ... the D.C. Code." *Ramamurti v. Rolls-Royce Ltd.*, 454 F.Supp. 407, 409 n.2 (D.D.C. 1978), *aff'd*, 198 U.S.App.D.C. 92, 612 F.2d 587 (1980).

235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Accordingly, we

*Reverse.*