**Alphonso ROSS, Plaintiff,**

v.

**PRODUCT DEVELOPMENT CORP., et al., Defendants.**

Civ. A. No. 89–0100 (RCL).

United States District Court,
District of Columbia.

Oct. 5, 1989.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the court on the motion of both the corporate defendant, Product Development Corporation, and the individual defendant, Carver Augusta Avent, to dismiss for lack of personal jurisdiction, and upon the oppositions and responses thereto.

On February 5, 1987, the individual defendant, a Product Development Corp. employee, allegedly negligently injured the plaintiff on the premises of the Pentagon in Arlington, Virginia. On January 13, 1989, plaintiff filed suit in this court, basing jurisdiction on diversity of citizenship. Both defendants then moved to dismiss the complaint, arguing that the court lacks personal jurisdiction over them. In the alternative, defendants requested that the case be transferred to the appropriate forum in either Maryland or Virginia pursuant to 28 U.S.C. § 1404(a).

The facts necessary for a decision on the jurisdictional issue are undisputed. The plaintiff, Alphonso Ross, resides in the District of Columbia. Complaint, at ¶ 2. The individual defendant, Carver Augusta Avent, resides in Maryland. Statement of defendants' counsel, hearing on motion to dismiss (Sept. 8, 1989). The corporate defendant, Product Development Corp., is incorporated under the laws of the State of

California and is in the business of delivering telephone books. *See* Supplemental Response in Support of Defendant's Motion to Dismiss, Affidavit of F. Robert Kaiser, at ¶¶ 2, 4 (dated May 16, 1989) ("Kaiser Affidavit"). It has been licensed to do business in the District since 1985; on its application for certificate of authority to operate within the District it listed its business purpose as the distribution of telephone books. Plaintiff's Response to Defendants' Supplement in Support of Their Motion to Dismiss, Attachment 1, at 2, 3 ("Plaintiff's Response to Defendants' Supplement"). Product Development Corp. delivers District of Columbia telephone books in the District seven weeks each year, and in addition delivers Maryland and Northern Virginia telephone books in the District on a demand basis during two other seven week periods. Kaiser Affidavit, at ¶ 4. The company maintains an office in Maryland, but does not maintain an office or place of business in the District of Columbia. *Id.*, at ¶ 3. It does, however, have a registered agent in the District of Columbia, and it was upon this agent that plaintiff served process. Opposition to Motion to Dismiss, at ¶¶ 2, 3 ("Plaintiff's Opposition"); *see also* Plaintiff's Response to Defendants' Supplement, Attachment 1, at 3 (Application for Certificate of Authority).[1]

In their motion to dismiss, defendants assert that this court can exercise jurisdiction over them only pursuant to the District of Columbia long-arm statute, D.C. Code Ann. § 13–423 (1989). Motion to Dismiss, at ¶ 6. However, they argue, subsection (b) of § 13–423 limits the reach of the long-arm statute to claims which arise out of the defendant's business contacts with the District. *Id.*, at ¶ 7. Because the injury alleged by plaintiff is entirely unrelated to defendants' business contacts with the District, defendants conclude, the District's long-arm statute does not give this court personal jurisdiction over them. *Id.*, at ¶ 8.

Plaintiff responds by claiming that, because Product Development Corp. does business in the District and has a registered agent for service of process in the District, this court has personal jurisdiction over the corporate defendant.[2] Plaintiff's Opposition, at ¶¶ 2, 4. Plaintiff claims that the issue is one of venue, not jurisdiction, and that defendants' jurisdictional argument is simply an attempt to "muddy the waters since the plaintiff has not based his suit on [the D.C. long-arm] statute [and] does not consider it applicable." *Id.*, at ¶ 7; Supplemental Opposition to Defendant's Motion to Dismiss, at 1 ("Plaintiff's Supplemental Opposition").

For the reasons stated below, this court finds that it has personal jurisdiction over the corporate defendant but does not have personal jurisdiction over the individual defendant.

### A. The Requirement of Personal Jurisdiction

As an initial matter, this court notes that plaintiff's primary argument in opposition to defendants' motion is wholly incorrect. Plaintiff argues that " 'an action ... for [a] tort[,] is not local but transitory, and can[,] as a general rule, be brought wherever the wrong doer may be found.' " Plaintiff's Supplemental Opposition, at 1 (quoting *Mann v. Pacific Atl. S.S. Co.*, 10 F.Supp. 527, 528 (S.D.N.Y.1935); and citing *Dennick v. Central R.R. Co.*, 103 U.S. 11, 17, 26 L.Ed. 439 (1888); *Stewart v. Baltimore & Ohio R.R. Co.*, 168 U.S. 445, 448, 18 S.Ct. 105, 106, 42 L.Ed. 537 (1897)). Plaintiff concludes that, because "he has fully met the provisions for a suit of a corporation under diversity of citizenship," Plaintiff's Supplemental Opposition, at 3, defendants' motion should be denied.

---

**1.** Although plaintiff states that he originally served the corporate defendant in Maryland and later served the corporate defendant in the District of Columbia, this court notes that plaintiff has never filed with the court a return of service executed as to the corporate defendant. However, because Product Development Corp. did not challenge plaintiff's claim that he properly served its registered representative, this court treats the corporate defendant as having properly been served.

**2.** Plaintiff never makes any factual allegations which would support a finding that this court has jurisdiction over the individual defendant.

This argument, however, ignores the distinction between subject matter and personal jurisdiction. In addition to the requirement that a court have jurisdiction over the subject matter of a claim, a court can impose an enforceable judgment only if it has personal jurisdiction over the parties. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The mere fact that an action sounds in tort does not provide all courts with jurisdiction over all parties. *See, e.g., Helicopteros Nacionales de Colom. v. Hall*, 466 U.S. 408, 412, 413–14, 104 S.Ct. 1868, 1871, 1871–72, 80 L.Ed.2d 404 (1984) (wrongful death action); *World–Wide Volkswagen Corp. v. Wood*, 444 U.S. 286, 287, 100 S.Ct. 559, 562, 62 L.Ed.2d 490 (1980) (products liability action); *Bayles v. K–Mart Corp.*, 636 F.Supp. 852, 853–54 (D.D.C.1986). Rather, for a court properly to exercise jurisdiction over a nonresident defendant, service of process over that defendant must be authorized by statute and must be within the limits set by the due process clause of the United States Constitution. *Founding Church of Scientology v. Verlag*, 536 F.2d 429, 432 (D.C.Cir.1976) (citing *International Shoe*, 326 U.S. 310, 66 S.Ct. 154). Thus, even if this court has subject matter jurisdiction over plaintiff's claim and venue is proper, this court can proceed only if its exercise of personal jurisdiction over the defendants is authorized by District law and comports with due process.[3]

### B. *Jurisdiction over the Corporate Defendant*

Product Development Corp. argues that this court can exert personal jurisdiction over it only pursuant to the District of Columbia long-arm statute, D.C.Code Ann. § 13–423. Because plaintiff's claim does not satisfy the requirements of this provision, defendant concludes, this court lacks personal jurisdiction and must dismiss the case.

As discussed below, this court agrees that it does not have jurisdiction over Product Development Corp. pursuant to the D.C. long-arm statute. However, the court finds that it does have general jurisdiction over the corporate defendant pursuant to D.C.Code Ann. § 13–334 (1989), and it therefore denies Product Development Corp.'s motion to dismiss.

a. The D.C. Long–Arm Statute

The D.C. long-arm statute provides that:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

.    .    .    .    .

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

.    .    .    .    .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C.Code Ann. § 13–423 (1989).

Defendant Product Development Corp. clearly transacts business in the Dis-

---

**3.** The cases cited by plaintiff support rather than contradict this conclusion. In *Dennick*, the Court stated that "we cannot see why the defendant may not be held liable in any court *to whose jurisdiction he can be subjected....*" 103 U.S. at 17 (emphasis added). Plaintiff's remaining cases, which both rely on *Dennick*, deal with issues unrelated to those raised in this case. *See Stewart*, 168 U.S. at 448–49, 18 S.Ct. at 106 (discussing whether plaintiff could maintain an action in one state, under its statutes, for damages which occurred in another state with a similar statute); *Mann*, 10 F.Supp. at 528 (discussing whether administrator appointed in one state can maintain action in another state). Thus, the assertion that a tort action can be brought wherever the defendant may be found is true; however, a defendant "may be found" only where he is subject to the court's jurisdiction and not wherever he is physically present.

trict of Columbia, as required by § 13–423(a)(1). However, that finding does not end the inquiry. Courts have uniformly held that subsection (a)(1) confers personal jurisdiction over a defendant only if the plaintiff's claim arises from the defendant's contacts with the District. *See, e.g., Willis v. Willis*, 655 F.2d 1333, 1336 (D.C. Cir.1981); *Appel v. S.E. Employers Serv. Corp.*, 605 F.Supp. 74, 75 (D.D.C.1985); *LaBrier v. A.H. Robbins Co.*, 551 F.Supp. 53, 55 (D.D.C.1982).[4] Plaintiff alleges that "defendant is engaged in the distribution of telephone books throughout the country and ... this was exactly the same business the defendant was engaged in when the accident, which is the subject of this suit occurred in Virginia." Plaintiff's Response to Defendants' Supplement, at ¶ 3. However, the allegation that plaintiff's claim arose from the *same type of business* does not satisfy the requirement that plaintiff's claim must have arisen from defendant's *business* in the District, as the District of Columbia Court of Appeals held in a case directly on point. *See Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C.1979).[5] Thus, this court has no jurisdiction over Product Development Corp. pursuant to § 13–423(a)(1).

■ Just as this court cannot base jurisdiction over the defendant on subsection (a)(1), it cannot base jurisdiction on subsection (a)(4). Subsection (a)(4) confers jurisdiction on District of Columbia courts when a non-resident defendant causes injury within the District by an act or omission outside the District if the defendant has certain minimum contacts with the District. In this case, however, plaintiff's injury clearly was caused when the pallet jack allegedly struck him at the Pentagon in Arlington, Virginia. *See id.*, 399 A.2d at 80 n. 2 (injury was caused when defendant's truck collided with plaintiff's car in Maryland); *cf., First Chicago Int'l v. United Exch. Co.*, 655 F.Supp. 787, 793 (D.D.C. 1987) (injury occurs where tort takes place), *aff'd in part and rev'd in part*, 836 F.2d 1375 (1988) (affirming district court's dismissal for lack of jurisdiction). Plaintiff has not argued that defendants' alleged negligence caused him any injury within the District. *See Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883, 886 (D.D.C.1975) (plaintiff claimed injury to credit rating and mental and emotional well being within the District). Thus, subsection (a)(4) is inapplicable, and this court does not have jurisdiction over the corporate defendant pursuant to any provision in the District's long-arm statute.[6]

### b. District of Columbia Code § 13–334

■ Although defendant asserts that the only basis pursuant to which this court can exert jurisdiction over it is the D.C. long-arm statute, this assertion is incorrect. In addition to the D.C. long-arm statute, this court can obtain jurisdiction over a foreign corporation doing business in the District pursuant to D.C.Code Ann. § 13–334(a).[7]

---

**4.** Plaintiff argues that subsection (b) does not limit the reach of subsection (a)(1) where the case involves a "transitory" tort claim rather than a "local" contract claim or where the plaintiff is a resident of the District. However, this is clearly not the case. Courts have consistently construed subsection (b) as barring tort claims as well as contract claims, *see, e.g., McDaniel v. Armstrong World Industries*, 603 F.Supp. 1337, 1339, 1342 (D.D.C.1985) (action alleging negligence, strict liability, and breach of warranties); *LaBrier*, 551 F.Supp. at 54, 55 (action alleging product liability, medical negligence, civil conspiracy and fraud); and as barring claims by District residents when their claims do not arise from the defendant's contacts with the District, *see, e.g., Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C.1979).

**5.** In *Berwyn Fuel*, the defendant, a Maryland corporation which delivered fuel in the District,

allegedly injured plaintiff, a District resident, while delivering fuel in Maryland. 399 A.2d at 79, 80. The court held that "since the claim must relate to the particular act or transaction forming the basis for personal jurisdiction, D.C. Code 1973, § 13–423(b), and the claim here did not," the trial court lacked jurisdiction and the judgment had to be reversed. *Id.* at 80.

**6.** Although § 13–423 does provide other bases for jurisdiction, they were not argued for by the plaintiff and the court does not consider them applicable to this case.

**7.** This section provides:

(a) In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving

This section, which predates the D.C. long-arm statute, continues to exist as an independent basis for personal jurisdiction. *Ramamurti v. Rolls–Royce Ltd.*, 454 F.Supp. 407, 409 n. 2 (D.D.C.1978), *aff'd*, 612 F.2d 587 (1980). As the District of Columbia Court of Appeals explained:

> The long-arm statute is not exclusive. Thus, absent any other direct involvement in this jurisdiction, a corporation's particular transaction giving rise to legal claims may subject it to personal jurisdiction under our long-arm statute. But where, as here, a foreign corporation is authorized to do business in the District and has an address (with a phone listing) at which its agent may be served, the broader "doing business" statute comes into play.

*AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849, 851 (D.C.1981) (per curiam) (footnote omitted).

■This court may exert jurisdiction over the corporate defendant pursuant to § 13–334 if two conditions are met: first, Product Development Corp. must be "doing business" in the District, and second, the exercise of jurisdiction must comport with due process. *See id.* at 851 (citations omitted). Unlike the long-arm statute, § 13–334 confers jurisdiction over the defendant for all purposes, not merely for those claims arising out of the defendant's contacts with the District. *See id.* at 850 (citations omitted); *Ramamurti*, 454 F.Supp. at 409 (as long as foreign corporation is "doing business" in the District, it is amenable to service here, regardless of any connection between the claim for relief and this jurisdiction); *cf. Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872 (state can constitutionally exert jurisdiction even where claim does not arise out of or relate to defendant's activities in forum if sufficient contacts exist between defendant and forum).

While there are no hard and fast rules as to what constitutes "doing business," District of Columbia courts have defined it as "any continuing corporate presence in the forum state directed at advancing the corporation's objectives." *See AMAF Int'l*, 428 A.2d at 851, and cases cited therein. A corporation need not maintain an office in the District to be "doing business" in the District. *See* D.C.Code Ann. § 13–334 (provision made for service where defendant has no place of business in District).

■ This court believes that Product Development Corp.'s business links with the District are sufficient to constitute "doing business." Product Development Corp. has been authorized for more than four years to operate in the District. It maintains a registered agent in the District and conducts business in the District on a regular and ongoing basis twenty-one out of fifty-two weeks each year, year after year. Its activities clearly advance the corporation's purpose—as set forth in Product Development Corp.'s articles of incorporation—of distributing printed matter. *See* Plaintiff's Response to Defendants' Supplement, Attachment 2. For these reasons, the court finds that Product Development Corp. "does business" in the District of Columbia.

■ This court also finds that Product Development Corp.'s business contacts with the District satisfy the "minimum contacts" requirement of the due process clause. *See International Shoe*, 326 U.S. at 319, 66 S.Ct. at 159. The corporation has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Its continuing contacts with the District have provided it with clear notice that it is subject to suit here, *see World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567, and this court believes that maintaining the action in the

a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

D.C.Code Ann. § 13–334(a) (1989). Though the section on its face appears to relate only to proper service of process, it also forms the basis for jurisdiction over claims which satisfy its requirements. *See Bayles*, 636 F.Supp. at 855, and cases cited therein.

District, as opposed to courts in Baltimore or Alexandria, will not cause the defendant inconvenience which would amount to a denial of due process, *cf. McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). In addition, the District of Columbia has a " 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations omitted). Although the due process clause requires "a particularly searching scrutiny of alleged jurisdictional contacts" where the claim does not arise from the defendant's contacts with the jurisdiction, *Bayles*, 636 F.Supp. at 855, this court believes that Product Development Corp.'s business contacts—which are regular, systematic, and continuous, and which were purposefully established by the defendant to advance corporate interests—give this court power to exercise personal jurisdiction over the defendant without offending "traditional notions of fair play and substantial justice." *See International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (citations omitted).

For these reasons, the court finds that the exercise of jurisdiction over Product Development Corp. is authorized by statute and comports with due process, and the court therefore denies the corporate defendant's motion to dismiss.

C. *Jurisdiction Over the Individual Defendant*

 In contrast to the evidence establishing Product Development Corp.'s ongoing business contacts with the District, plaintiff has made absolutely no allegations concerning the individual defendant's contacts with the District of Columbia.[8] His allegations concerning the corporate defendant are insufficient to support a finding of jurisdiction over the individual defendant: when a defendant is sued in his individual capacity, he must be shown to have had his own contacts with the District before the court can exert jurisdiction over him, *see, e.g., First Chicago*, 655 F.Supp. at 791; *Aiken*, 392 F.Supp. at 886, and even if plaintiff is suing Mr. Avent as an agent of Product Development Corp., this court finds that it cannot assert jurisdiction over Mr. Avent merely because it has asserted jurisdiction over the principal, *see First Chicago*, 655 F.Supp. at 791 (citing *Shaffer v. Heitner*, 433 U.S. 186, 215–16, 97 S.Ct. 2569, 2585–86, 53 L.Ed.2d 683 (1977)). Because plaintiff has presented no facts which would support a finding that the individual defendant has the "minimum contacts" with the District required by the due process clause, this court finds that it does not have personal jurisdiction over the individual defendant and that therefore his motion to dismiss must be granted.

D. *Transfer to the Eastern District of Virginia*

 As an alternative to its motion to dismiss, defendant Product Development Corp. requested that this case be transferred to the appropriate forum in either Maryland or Virginia. However, the defendant has not shown how it will be inconvenienced if this court does not transfer this case. Although the alleged accident occurred in Arlington, Virginia, the proximity of Arlington to Washington, D.C. and the absence of any claim of inconvenience lead this court to find that maintaining this action in this court will not be unduly burdensome to either the remaining defendant or the witnesses likely to be called. For these reasons, and in light of the considerable weight that must be given to plaintiff's choice of forum, *see Pain v. United Technologies Corp.*, 637 F.2d 775, 783 (D.C.Cir. 1980), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981), the court denies defendant Product Development Corp.'s request to transfer this case to either Maryland or Virginia.

---

**8.** When a defendant challenges jurisdiction, the plaintiff bears the burden of alleging facts necessary to support a finding of jurisdiction. *See, e.g., Lott v. Burning Tree Club, Inc.*, 516 F.Supp. 913, 918 (D.D.C.1980).