**8** .

EBM GROUP CORPORATION,
LTD., Plaintiff,

v.

GULFSTREAM AEROSPACE
CORP., Defendant.

Civ. A. No. 92–1454(GHR).

United States District Court,
D. Columbia.

Nov. 4, 1992.

Robert D. Powell, Washington, D.C., for plaintiff EBM Group Corp., Ltd.

Wade W. Herring, II, Christopher W. Phillips, Fried, Frank, Harris, Shriver & Jacobson, Savannah, Ga., Daniel E. Loeb, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., Robb K. Sallee, Deputy Gen. Counsel, Savannah, Ga., for defendant Gulfstream Aerospace Corp.

### ORDER

REVERCOMB, District Judge.

Plaintiff EBM Group Corporation, Ltd. ("EBM") filed its complaint for breach of contract and related causes of action on June 19, 1992, claiming jurisdiction based upon diversity of citizenship. On July 15, 1992, defendant Gulfstream Aerospace Corp. ("GAC") filed and served by mail a Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for transfer of the case to the United States District Court for the Southern District of Georgia, Savannah Division. When EBM failed to respond to this motion within the time limit prescribed in Local Rule 108(b), this Court exercised its discretion under that provision to treat GAC's motion as conceded and dismissed the case for lack of personal jurisdiction by an Order dated July 31, 1992.

EBM now moves for relief from the Court's order of dismissal pursuant to Fed. R.Civ.P. 60(b). Counsel for EBM argues that his failure to file a timely response to GAC's Motion to Dismiss because he was on vacation between July 18 and August 4, 1992, should be considered excusable neglect. *See* Fed.R.Civ.P. 60(b)(1). The Court need not address this contention because, even if it were to agree with counsel that his neglect was excusable, the Court is persuaded that personal jurisdiction over

GAC is lacking and that EBM has not demonstrated that discovery on personal jurisdiction is warranted. Accordingly, the Court will deny EBM's Motion Under Rule 60(b) of the Federal Rules of Civil Procedure.

It has been well stated that "a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir.1992). In this circuit, "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski v. United States Dep't of the Treasury,* 804 F.2d 1310, 1314 (D.C.Cir. 1986). Here, EBM concedes that personal jurisdiction cannot be maintained on the basis of the District of Columbia's long-arm statute, D.C.Code § 13–423. Pl.'s Mot. at 4. Rather, EBM asserts that this Court may have personal jurisdiction over GAC "if Defendant is found to have been doing business in the District of Columbia under Sction *[sic]* 13–334 and 13–422." *Id.* EBM alleges no specific facts, however, in support of this conclusion.

■ Section 13–422 of the D.C.Code is titled "Personal jurisdiction based upon enduring relationship" and provides that

> [a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.

Neither EBM's complaint nor its Rule 60(b) Motion and supporting papers contain "allegations of specific facts that could establish the requisite contacts with the District" according to any of the criteria set forth in this statute. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir. 1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). EBM's allegation that "GAC has offices *in the Washington, D.C. metropolitan area*" is plainly insufficient to trigger the application of Section 13–422's "domiciled in" language to GAC, because the statute only applies to persons domiciled *in* the District of Columbia. Complt. at 2.[1] GAC is a corporation organized under Georgia law, with its principal place of business in Savannah, Georgia. *See id.* EBM's complaint contains no other allegations of specific fact that would link GAC to the District of Columbia through any of the enduring relationships of which Section 13–422 speaks.

■ Although D.C.Code § 13–334 appears on its face to concern service of process on foreign corporations, it has long been held to provide an independent basis of personal jurisdiction over nonresident corporations when the corporate defendant is "doing business" in the District of Columbia and the exercise of such jurisdiction comports with due process. *See Ross v. Product Dev. Corp.,* 736 F.Supp. 285, 285–90 (D.D.C.1989); *AMAF Int'l Corp. v. Ralston Purina Co.,* 428 A.2d 849, 850–51 (D.C.1981). EBM's resort to this statute, however, fails for two reasons. First, as the District of Columbia Court of Appeals has stated, "[b]efore a court may properly assert personal jurisdiction over a nonresident defendant, service of process to that defendant must be authorized by statute and be consistent with due process." *AMAF Int'l Corp.,* 428 A.2d at 851 (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Section 13–334(a) provides that,

> [i]n an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District,

---

1. According to its Motion to Dismiss, Gulfstream Aerospace Corporation of Texas—a separate corporation from GAC of Georgia—leases an office in Arlington, Virginia and maintains a staff of approximately eight employees there. Section 13–422 on its face does not apply to this office.

and that service is effectual to bring the corporation before the court.

There is no indication in the pleadings that EBM complied with this provision (or, for that matter, with Section 13–334(b)). Indeed, GAC contends—and EBM does not contradict—that it maintains neither an agent nor a principal place of business in the District. Rather, the return of service filed with the Court shows that EBM served GAC at its principal offices in Savannah, Georgia.

Secondly, EBM's assertion that GAC "is engaged in the continuous and systematic transaction and doing of business in Washington, D.C.," Complt. at 2, without more, does not constitute an "allegation[ ] of specific facts that could establish the requisite contacts with the District." *Naartex,* 722 F.2d at 788. EBM's Rule 60(b) Motion indicates that even this assertion stretches the matter: Plaintiff states that "[t]he counts in the complaint need not have any relation to this jurisdiction *if* Defendant is found to have been doing business in the District of Columbia," that "[p]laintiff *will attempt* to show that Defendant has the requisite minimum contacts within the jurisdiction of the District of Columbia so as to vest this Court with the ability to assert jurisdiction over it," and that "Defendant's continuous and systematic business dealings within the District of Columbia, *if established,* would justify an invocation of this Court's jurisdiction over it." Pl.'s Mot. at 14–15 (emphasis added). In short, the assertion that GAC has been "doing business" in the District of Columbia within the meaning of Section 13–334(a) is no more than a conclusory allegation which does not suffice to establish personal jurisdiction over GAC.[2] For the same reason, the Court believes that discovery for the purpose of establishing personal jurisdiction would be unwarranted. *Compare Edmond v. U.S. Postal Serv. Gen'l Counsel,* 949 F.2d 415, 425 (D.C.Cir.1991) (discovery

to establish personal jurisdiction should be permitted when the plaintiffs make nonconclusory allegations of contacts with the District) *with Naartex,* 722 F.2d at 788 (trial court did not abuse discretion in denying discovery when the pleadings failed to allege specific facts that could establish the requisite contacts).

Accordingly, for the reasons stated above, EBM's Motion Under Rule 60(b) of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED.

---

**2.** In *AMAF Int'l Corp.,* the D.C. Court of Appeals defined "doing business" generally "as any continuing corporate presence in the forum state directed at advancing the corporation's objectives." 428 A.2d at 851. Indicia of such a continuing presence include maintaining a registered agent, selling products, and advertising or distributing those products in the District of Columbia. *See id.; Ross,* 736 F.Supp. at 290–91. EBM's complaint alleges no specific facts that GAC does any of these things in the District of Columbia.