Sherine EVERETT, et al., Appellants,

v.

**NISSAN MOTOR CORP.
IN U.S.A., Appellee.**

No. 92–CV–1048.

District of Columbia Court of Appeals.

Argued June 10, 1993.
Decided July 19, 1993.

Robert E. Cappell, Washington, DC, for appellants.

Benjamin S. Boyd, with whom Philip L. Cohan, Washington, DC, was on the brief, for appellee.

Before FERREN and KING, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Appellants are District of Columbia residents who were injured when the car they were driving, a Nissan 300ZX, was involved in an automobile collision in North Carolina. They sued Nissan Motor Corporation in U.S.A. ("Nissan U.S.A."), the distributor of Nissan automobiles in the United States, for damages, including punitive damages, attributable to "severe permanent injuries" proximately caused by the defective design and the defendant's failure to warn of the risks in using the vehicle. Appellee, the distributor of Nissan automobiles in the United States, is a California Corporation whose principal place of business is in Carson, California. On appellee's motion, the trial court dismissed the complaint for lack of personal jurisdiction, pursuant to Super.Ct.Civ.R. 12(b)(2). Citing D.C.Code § 13–423 (the long-arm statute) or, in the alternative, § 13–334 (1991 Repl.) (service on foreign corporations), appellants argue that the trial court erred in dismissing appellants' claim. We affirm.

## I.

### A.

Appellants' Nissan 300ZX was originally shipped from Japan to the United States on April 18, 1985, where it arrived in Norfolk, Virginia two weeks later. After being distributed by Nissan U.S.A. to an automobile dealership in Alexandria, Virginia the car was sold and resold on six separate occasions in Maryland and Virginia before it was finally purchased by Mr. Harold Johnson, a D.C. resident, who was the owner of the car at the time of the collision.[1]

D.C.'s long-arm statute, D.C.Code § 13–423(a)(1), provides, in part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

\* \* \* \* \* \*

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

██ Here, appellants urge that Nissan U.S.A. is the sole distributor for Nissan automobiles in the continental United States, and accordingly "transact[ed] ... business" in the District of Columbia, thereby placing the company under the ambit of the long-arm statute. Appellants overlook, however, that transacting business is only one factor to be considered in the exercise of personal jurisdiction. "Courts have uniformly held that subsection (a)(1) confers personal jurisdiction over a defendant only if the plaintiff's claim *arises from* the defendant's contact with the District." *Ross v. Product Dev. Corp.*, 736 F.Supp. 285, 289 (D.C.1989) (emphasis added) (citations omitted). Appellants argue that, because Nissan was engaged in the business of distributing automobiles "in a region that included the District of Columbia with the expectation that the car would be sold to someone in the same region," and a collision occurred involving a vehicle owned by a District resident, then necessarily they satisfied the statutory requirement that the claim arise from the business transacted. Nissan's distribution of automobiles in a "region" that includes the District of Columbia is not sufficient to demonstrate jurisdiction over Nissan U.S.A. in the District of Columbia itself.

██ Appellants' broad interpretation of the long-arm statute ignores the seminal requirement that Nissan U.S.A. must undertake "some affirmative act by which the defendant brings itself within the jurisdiction and established minimum contact." *Cohane v. Arpeja–California Inc.*, 385 A.2d 153, 158 (D.C.1978) (citing *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1985)). For example, in *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79,

---

1. At the time of the collision, Mr. Johnson lent the vehicle to appellants.

80 (D.C.1979), noting that personal "jurisdiction ... is restricted to claims arising from the particular transaction of business carried out in the District," we declined to extend personal jurisdiction to a fuel company whose truck struck an auto in Maryland solely on the basis that the company made occasional deliveries in the District. Similarly, in *Cohane, supra,* we held that the long-arm statute did not confer jurisdiction over a nonresident shipping company with respect to a dispute arising over a shipment to a customer in Pennsylvania, "solely on the ground that the defendant had also shipped goods to purchasers in the District." Here, too, the nexus between the car collision in North Carolina and appellee's business of distributing cars in the metropolitan area is simply too tenuous to satisfy the requirement of the long-arm statute.

### B.

■ Appellants' second asserted basis for personal jurisdiction is D.C.Code § 13–334(a) which provides:

In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

Appellee argues that appellants are barred from seeking relief under this statute because they served appellee by certified mail in California in contravention of the statute's explicit requirement that personal service be made within the District of Columbia. Appellants respond that Super.Ct.Civ.R. 4 sanctions service by certified mail.[2] However, what appellants overlook is that Rule 4's general prescription for service of process cannot replace the specific jurisdictional requirement of D.C.Code § 13–334(a) that service be made in the District of Columbia. By serving appellee in California, appellants have failed to comply with the statute's mandate, and are thus foreclosed from benefitting from its jurisdictional protection.

■ Additionally, appellants have failed to meet the statutory requirement of showing that appellee was "doing business" in the District. This "doing business" statute preceded the modern long-arm statute and "continues to exist as a basis for personal jurisdiction alongside the more comprehensive long-arm provisions ... in the D.C.Code." *AMAF Int'l Corp. v. Ralston Purina Co.,* 428 A.2d 849, 851 n. 2 (D.C. 1981). Unlike the long-arm statute, § 13–334 "confers jurisdiction over the defendant for all purposes, not merely for those claims arising out of the defendant's contacts with the District." *Ross, supra,* 736 F.Supp. at 290 (citation omitted). Despite its breadth, however, § 13–334 "must be construed more narrowly in cases where the claim for relief bears no relation to the contacts with the District which form the jurisdictional base." *Ramamurti v. Rolls–Royce,* 454 F.Supp. 407, 413 (D.C.1978) (citations omitted). Accordingly, where the particular claim does not "arise under" the corporation's nexus to the District, jurisdiction may be exercised provided appellants are able to show that Nissan U.S.A. is "doing business" in the District, and that such an exercise comports with due process. *Id.*

■ In acknowledging the "difficulty of formulating any hard and fast rule as to what constitutes 'doing business,'" *Price v. Griffin,* 359 A.2d 582, 586 (D.C.1976), we have held that "any continuing corporate presence in the forum state directed at advancing the corporation's objectives" will suffice. *AMAF Int'l Corp. v. Ralston, supra,* 428 A.2d at 851. Given the necessarily fact-dependant nature of this inquiry,

---

**2.** Super.Ct.Civ.R. 4 provides, in pertinent part: (C) Service by mail. A summons and complaint may be served upon a defendant of any class referred to in subparagraphs (1), (3), (4), and (5) of paragraph (d) of this Rule—

(ii) by mailing a copy of the summons and complaint to the person to be served by registered or certified mail, return receipt requested.

a brief review of similar cases supplies a necessary perspective from which to assess the situation here.

In *Ross, supra,* the United States District Court for the District of Columbia, interpreting the identical statute, held that appellee Product Development Corporation's "maintain[ing] a registered agent in the District and conduct[ing] business in the District on a regular and ongoing basis twenty-one out of fifty-two weeks each year, year after year," and "[i]ts activities clearly advanc[ing] the corporation's purpose ... of distributing printed matter[,]" constituted links with the District which "[we]re sufficient to constitut[e] 'doing business.'" *Id.* at 290.

Similarly, in *Ramamurti v. Rolls–Royce, supra,* the record before the court—which included affidavits and depositions of the president and other personnel of appellee Rolls–Royce, Inc. ("RRI")—revealed that RRI "maintain[ed] an office facility in Northwest Washington and employ[ed] four professional engineers and two clerical assistants in the office on a permanent basis. The office [wa]s engaged in responding to inquiries, principally with respect to technical matters, from federal agencies." Moreover, "RRI's Washington office [wa]s ... responsible for ongoing support services connected with the sale of jet engines." Based on the this evidence, the court ruled that

> were these activities descriptive of relations with private purchasers rather than with instrumentalities of the federal government, they would constitute the doing of business within the meaning of section 334(a). Rolls–Royce's local activities— conducted by RRI—are regular systematic, and continuous; constitute a substantial corporate presence here; and are obviously directed at advancing the corporate objectives of Rolls–Royce.

Again, in *AMAF Int'l Corp. v. Ralston Purina Co., supra,* we held that where a company doing business in the District for twenty-five years, maintained a registered agent, and conceded that it sells its products in our supermarkets for both human and animal consumption, its corporate presence "was sufficient to support the exercise of personal jurisdiction over appellee under § 13–334(a)." 428 A.2d at 851.

Here, appellants rely on two "facts" in support of their jurisdictional argument. First, they rely on the affidavit of Nissan U.S.A.'s senior counsel who states that Nissan U.S.A. "is engaged in the business of distributing Nissan automobiles in the continental United States," and that they maintained a local office "to gather information from, and disseminate information to, the federal government by monitoring proposed legislation and lobbying with respect to trade and other motor vehicle related legislative and regulatory affairs." That office was maintained by Nissan U.S.A. until October 1990, when these duties were transferred to Nissan North America, Inc. Second, appellants rely on the affidavit of appellants' attorney who affirms that "on July 27, 1992 I called Capital Nissan, a dealership in Washington, DC and spoke to its finance department. I was told that Capital Nissan gets its cars from Nissan U.S.A., the defendant in this case. The cars are brought to Norfolk, Virginia and they are picked up by Nissan U.S.A. and delivered by truck to Capital Nissan in Washington, D.C." Moreover, counsel affirms that "attached to this affidavit is a copy of Page 528 of the 'One Book' which covers the entire metropolitan area for the year 1992. It clearly shows 'Nissan Motor Corporation in U.S.A.—750–17th Street N.W.—Washington Corporate Office—202 862–5523.'"[3] Together, these facts fail to show "any continuing corporate presence in the forum state directed at advancing the corporation's objectives."

Regarding appellant's first piece of "evidence," there is nothing in the statement that Nissan U.S.A. is responsible for distri-

---

**3.** Appellee, without citing authority, argues that, because appellants' attorney may have violated Rule 3.7 of the District of Columbia Rules of Professional Conduct—prohibiting an attorney from assuming the dual role of advocate and witness—we should not consider the attorney's affidavit as evidence. Because the attorney's statement, without more, does not affect our decision, we decline to decide the propriety of attorney's actions.

bution in the continental United States which speaks to any business presence in the District. Furthermore, we have held that "those activities which are conducted here solely for the purpose of gathering information from the federal government are not 'contacts'.... [and] jurisdiction can not be based on the activities carried on ... which consist entirely of monitoring congressional legislation." *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1145 n. 4 (D.C.1985). *See also Environmental Research Int'l, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 813 (D.C.1976) ("To permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consist of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum.")

Moreover, appellants' attorney affidavit fails to provide anything more than a hearsay statement by a third party addressing how cars are shipped into an area dealership. No evidence is adduced showing how long Capital Nissan has been in existence, that its operation is continuous, that it transacts a certain amount of business in the District or that it has a registered agent. Nor have appellants made any effort to identify specifically who in the finance department gave their attorney the information about the business practices of Capital Nissan, nor have any independent affidavits or objective data been procured to quantify their allegations. Similarly, appellants have offered no evidence which suggests that the purpose of the Nissan U.S.A. office listed in the "One Book" was somehow tied to the distribution of automobiles.

In sum, aside from the introduction of hearsay, appellants presented no evidence with which the trial court could conclude that Nissan U.S.A. was, in fact, involved in a continuous stream of business in the District of Columbia or in the Metropolitan area. *See Harmatz v. Zenith Radio Corp.*, 265 A.2d 291 (D.C.1970). Accordingly, we conclude that the trial court did not err by granting appellee's motion to dismiss pursuant to Super.Ct.Civ.R. 12(b)(6).

*So ordered.*